FILED
2016 Sep-19  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MICHEAL JONES,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **MID-ATLANTIC FINANCE CO.,** ) | **JURY TRIAL DEMANDED** |
| **INC.;  EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Michael Jones, by and through undersigned counsel, and for his complaint states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendants transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

2.      The Plaintiff is a resident and citizen of the State of Alabama, Jefferson, and is over the age of twenty-one (21) years.

3.     The Defendant, Mid-Atlantic Finance Co., Inc. ("MAF"), is incorporated in Florida and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4.     The Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia. Equifax does and has at all pertinent times done business in this district.  Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

5.     Upon information and belief, the Defendant Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

6.     Upon information and belief, the Defendant Equifax disburses consumer reports to third parties for monetary compensation.

7.     All events herein occurred in this judicial district.

## **FACTUAL ALLEGATIONS**

2

8.      Plaintiff purchased a 1997 Toyota Camry from an entity not a party to this lawsuit and, at the same time, entered in a secured financing agreement with the same entity with the Vehicle as collateral. (VIN Number: 4T1BF22K3VU908438).

9.      In or about February 2013, Plaintiff wrecked and totaled the Vehicle.

10.      It was Plaintiff's understanding that Guaranteed Auto Protection ("GAP") insurance would cover the difference between the actual cash value of a Vehicle and the balance still owed on the financing agreement.

11.      At some time thereafter, Defendant MAF acquired the account and claimed a deficiency balance.

12.      In or around April 2016, Plaintiff reviewed his Equifax credit report and saw a MAF balance of $2,029.00.

13.      On April 23, 2016, Plaintiff disputed the status of the alleged MAF account through Defendant Equifax and requested reinvestigation.

14.      Defendant Equifax did not remove or correct the information on Plaintiff's Equifax report for the MAF account.

15.      As a result of the dispute, the MAF account balance was erroneously changed to $20,029.

16.     The inaccurate information published by the Defendant Equifax negatively reflected on Plaintiff, his financial responsibility as a debtor, and his credit worthiness.

17.     After the dispute, and with the false MAF $20,029 balance showing on his credit report, Plaintiff attempted to assist is daughter in obtaining a PLUS loan through the Department of Education by applying as a co-signer.

18.     Plaintiff was denied the loan in part because of the false MAF $20,029 balance on his Equifax credit report.

**COUNT ONE**
**FAIR DEBT COLLECTION PRACTICES ACT AGAINST THE DEFENDANT MAF**

19.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

20.     The Defendant MAF has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

21.     As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

**COUNT TWO**
**NEGLIGENCE AGAINST THE DEFENDANT MAF**

22.     Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

23.     Defendant MAF knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

24.     Defendant MAF knew or should have known that said conduct was improper.

25.     Defendant MAF negligently failed to prevent and/or participated in improper collection activities.

26.     As a result of the Defendant MAF's negligence, the Plaintiff suffered a loss of credit, physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANT MAF

27.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

28.     Defendant MAF knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

29.     Defendant MAF knew or should have known that said conduct was improper.

30.     Defendant MAF recklessly and wantonly failed to prevent and/or participated in improper collection activities.

31.     As a result of the Defendant MAF's reckless and wanton conduct, the Plaintiff suffered a loss of credit, physical damage, worry, anxiety, nervousness, and mental anguish.

**COUNT FOUR**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AGAINST THE DEFENDANT EQUIFAX**

32.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

33.     The Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

34.     The Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to the furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

35.     As a result of this wrongful conduct, action and inaction of the Defendant Equifax, the Plaintiff suffered damage including but not limited to loss

of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

36.     The Defendant Equifax's conduct was willful, rendering this Defendant liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

37.     The Plaintiff is entitled to recover costs and attorney's fees from the Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT FIVE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AGAINST DEFENDANT MAF

38.     Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

39.     Defendant MAF violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s- 2(b) by continuing to publish to the Defendant Equifax inaccurate information regarding status of an account; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding same; by failing to accurately respond to the Defendant Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its

own internal records to prevent the re-reporting of the Defendant MAF's representations to the consumer reporting agencies.

40.     As a result of Defendant MAF's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as physical, mental and emotional pain and anguish, humiliation and embarrassment.

41.     Defendants MAF's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant MAF's actions were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

42.     The Plaintiff is entitled to recover costs and attorney's fees from Defendant MAF in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demand a judgment against the Defendants as follows:

A.     Declaratory judgment that the Defendants' conduct violated the FCRA, FDCPA, and state law;

B.     Statutory damages;

8

C.      Compensatory, actual and punitive damages;

D.      Costs and reasonable attorney's fees;

E.      Such other and further relief that this Court deems necessary, just

and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/ John C. Hubbard
John C. Hubbard
Attorney for Plaintiff

**OF COUNSEL:**
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203
(205) 378-8121